[Cite as *State ex rel. Johnson v. Franklin Cty. Mun. Court*, 2014-Ohio-3308.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Roger Carlton Johnson], | : | |
| Relator, | : | |
| v. | : | No. 14AP-219 |
| Franklin County Municipal Court, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on July 29, 2014

*Roger Carlton Johnson*, pro se.

*Richard C. Pfeiffer, Jr.*, Prosecuting Attorney, and *Glenn B. Redick*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

PER CURIAM.

{¶ 1} Relator, Roger Carlton Johnson, filed this action in mandamus seeking a writ of mandamus ordering respondent, Franklin County Municipal Court ("respondent" or "municipal court"), to dismiss criminal case *State v. Roger C. Johnson*. M.Ct. No. 2013 TRC 161823, which is pending in the municipal court.

{¶ 2} Respondent filed a motion for summary judgment on March 28, 2014; in response, relator, on April 14, 2014, filed a motion to strike said motion.

{¶ 3} The case was referred to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate examined the evidence, considered the law, and issued a decision, which is appended to this decision. The decision includes findings of fact and conclusions of law. The magistrate recommends

that this court grant respondent's motion for summary judgment and deny relator's request for writ of mandamus.

{¶ 4}   Relator has filed objections to the magistrate's decision.  In his complaint, relator requested mandamus because the case "ha[d] no injured party nor any damaged property of anyone; hence, under the common law, there is no crime that has been committed by Relator."  He provided no authority in support of this argument.

{¶ 5}   In his objections, relator raises new arguments and asserts that the request for a writ of mandamus should be granted because: (1) the municipal court has no monetary/subject-matter jurisdiction over the case; and (2) the municipal court has not ruled on a motion to dismiss for lack of jurisdiction pending in the case.

{¶ 6}   R.C. 1901.18 establishes the subject-matter jurisdiction regarding civil cases and notes that said jurisdiction is subject to the monetary jurisdiction set forth in R.C. 1901.17.  R.C. 1901.17 states that "[a] municipal court shall have original jurisdiction only in those cases in which the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed fifteen thousand dollars."

{¶ 7}   R.C. 1901.20(A)(1) establishes the municipal court's subject-matter jurisdiction in criminal and traffic cases and states that "[t]he municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory * * * and of the violation of any misdemeanor committed within the limits of its territory."

{¶ 8}   The case pending in municipal court is a traffic case involving misdemeanor offenses.

{¶ 9}   Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objections, we find that the magistrate has properly determined the pertinent facts and applied the appropriate law.  We therefore overrule relator's objections to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.  Accordingly, respondent's motion for summary judgment is granted, and the requested writ of mandamus is hereby denied.

*Objections overruled; motion granted; writ denied.*

DORRIAN, BROWN and KLATT, JJ., concur.

_____

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Roger Carlton Johnson], | : | |
| Relator, | : | |
| v. | : | No. 14AP-219 |
| Franklin County Municipal Court, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on April 29, 2014

---

*Roger Carlton Johnson*, pro se.

*Richard C. Pfeiffer, Jr.*, Prosecuting Attorney, and *Glenn B. Redick*, for respondent.

---

### IN MANDAMUS
### ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

{¶ 10} In this original action, relator, Roger Carlton Johnson, requests a writ of mandamus ordering respondent, Franklin County Municipal Court ("municipal court"), to dismiss a criminal action styled *State v. Roger C. Johnson* and assigned No. 2013 TRC 161823.

Findings of Fact:

{¶ 11} 1. On March 19, 2014, relator filed this original action against respondent.

{¶ 12} 2. According to the complaint, relator is the defendant in *State v. Roger C. Johnson*, M.C. No. 2013 TRC 161823. Relator fails to allege the charges he faces in that criminal case. Here, relator alleges:

> Respondent's case has no injured party nor any damaged property of anyone; hence, under the common law, there is no crime that has been committed by Relator.

{¶ 13} 3. Relator then alleges without particularity that he has a clear legal right to dismissal of the criminal action filed against him, that respondent has a clear legal duty to dismiss the action, and that relator has no adequate remedy at law.

{¶ 14} 4. The last paragraph of the complaint simply requests that this court grant a writ of mandamus ordering respondent to dismiss the criminal action with prejudice.

{¶ 15} 5. On March 28, 2014, respondent moved for summary judgment. In support of the motion, respondent submits the affidavit of Glenn B. Redick, executed March 28, 2014. Redick is counsel for respondent and is employed by the city attorney for the city of Columbus.

{¶ 16} 6. The Redick affidavit states:

> [One] I am a duly licensed attorney in the State of Ohio.
>
> [Two] I personally found the "Traffic Case Summary" on the website of the Clerk of Courts for the Franklin County Municipal Court.
>
> [Three] The document attached to this document and marked as Exhibit A is a true and accurate copy of the docket relating to Relator's case pending in the Franklin County Municipal Court.
>
> [Four] According to the docket, Relator, Roger C. Johnson, failed to appear for a scheduled hearing before the Court and Judge David Tyack issued an order in [sic] or arrest warrant for Mr. Johnson.
>
> [Five] The case is currently marked closed because Mr. Johnson failed to appear for the scheduled hearing date.
>
> [Six] Once Mr. Johnson is arrested or brought before the Court, the case will be re-opened at that time for final disposition.

Further affiant sayeth not.

{¶ 17} 7. The "Traffic Case Summary" for *State v. Roger C. Johnson,* M.C. No. 2013 TRC 161823, submitted as an exhibit with the Reddick affidavit, indicates that an officer of the New Albany Police Department filed a complaint against relator alleging three misdemeanor offenses allegedly occurring July 21, 2013. Exhibit A further indicates that a bench warrant was issued on August 28, 2013. There is no indication that relator has been arrested on the bench warrant.

{¶ 18} 8. On April 1, 2014, the magistrate issued a notice of summary judgment hearing in which respondent's March 28, 2014 motion for summary judgment is set for submission to the magistrate on April 18, 2014.

{¶ 19} 9. On April 14, 2014, in apparent response to the motion for summary judgment, relator filed a document captioned "Motion to Strike."

{¶ 20} 10. On April 15, 2014, the magistrate issued an order stating that the "Motion to Strike" shall be treated as relator's response to the motion for summary judgment.

<u>Conclusions of Law</u>:

{¶ 21} It is the magistrate's decision that this court grant respondent's motion for summary judgment.

{¶ 22} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. *Turner v. Turner*, 67 Ohio St.3d 337, 339-40 (1993); *Bostic v. Connor*, 37 Ohio St.3d 144, 146 (1988); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978). The moving party bears the burden of proving no genuine issue of material fact exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).

{¶ 23} It is well settled that, in order for a writ of mandamus to issue, relator must demonstrate: (1) he has a clear legal right to the relief prayed for; (2) the respondent is under a clear legal duty to perform the act; and (3) relator has no plain and adequate

remedy in the ordinary course of the law.  *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 24} Here, the Redick affidavit and its exhibit add some degree of clarity to the complaint.  The Redick affidavit and its exhibit are unopposed.  We know from the affidavit and its exhibit that an officer of the New Albany Police Department filed a complaint against relator alleging that relator committed three misdemeanor offenses on July 21, 2013, that relator failed to appear for a scheduled hearing before a judge of the municipal court, and, consequently, a bench warrant has issued.

{¶ 25} A careful review of relator's complaint here fails to disclose any set of facts that requires dismissal of the complaint filed against relator in the municipal court.

{¶ 26} Moreover, by responding to the motion for summary judgment with the so-called motion to strike, relator has failed to demonstrate that he can prove any set of facts that may entitle him to a writ of mandamus in this original action.

{¶ 27} Civ.R. 56(E) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶ 28} Clearly, under Civ.R. 56(E), relator has failed to set forth specific facts showing there is a genuine issue in this original action.

{¶ 29} Accordingly, it is the magistrate's decision that this court grant respondent's motion for summary judgment.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).